David P. Johnson (USB #13260)
*djohnson@wnlaw.com*
WORKMAN│NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Songfong Tommy Wang (Cal. Bar No. 272409)
*twang@yangwanglaw.com*
*Pro Hac Vice* application pending
Leontyne Fan (Cal. Bar No. 285042)
*lfan@yangwanglaw.com*
*Pro Hac Vice* application pending
355 S. Grand Ave., Suite 2450
Los Angeles, CA  90071
Telephone:  (888) 827-8880
Facsimile:  (888) 827-8880

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC, a Delaware limited Liability company,<br><br>Plaintiff,<br><br>v.<br><br>ASIA FOCUS INTERNATIONAL GROUP, INC., dba TALLMENSHOES.COM, a California corporation, and DOES 1-50,<br><br>Defendants. | Civil Action No. 2:15-cv-00614 JNP-PMW<br><br>Judge Jill N. Parrish<br>Magistrate Judge Paul M. Warner<br><br>**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE TRANSFER VENUE** |

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY TRANSFER VENUE .................................................................................................................. 1

STATEMENT OF FACTS ............................................................................................................ 2

   1.   The Complaint Should Be Dismissed Under Rule 12(b)(2) For Lack of Personal Jurisdiction .................................................................................................................... 2

      A.   Legal Standard ................................................................................................ 2

      B.   General Personal Jurisdiction Does Not Exist ................................................ 4

      C.   Specific Personal Jurisdiction Does Not Exist ................................................ 5

   2.   This District is an Improper Venue for this Action ................................................... 8

   3.   Venue Should Be Transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a) ................................................................................................................. 8

      A.   Plaintiff's Choice of Forum Should Be Given Less Weight .......................... 9

      B.   Operative Facts Are in California ................................................................... 9

      C.   Convenience of Witnesses and Parties ......................................................... 10

      D.   California is the Location of the Relevant Evidence .................................... 10

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
   689 F.3d 1358 (Fed. Cir. 2012)......................................................................................6

*Akro Corp. v. Luker*,
   45 F.3d 1541 (Fed. Cir. 1995).........................................................................................3

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994).........................................................................................3

*Breckenridge Pharm. Inc. v. Metabolite Labs. Inc.*,
   444 F.3d 1356--62 (Fed. Cir. 2006).................................................................................3

*Caspers Ice Cream, Inc. v. Fatboy Cookie Co., Inc.*,
   No. 1:12-cv-133-CW, 2013 WL 2367976 (D. Utah May 29, 2013)
   (unpublished) ..................................................................................................................6

*Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*,
   294 F. Supp. 2d 218 (D. Conn. 2003).........................................................................9, 10

*Connecticut Elec., Inc. v. Pacific Coast Breaker, Inc.*,
   2012 WL 626269 (S.D. Ind. Feb 24, 2012) .................................................................5, 7

*Daimer AG v. Bauman*,
   134 S. Ct. 746 (2014).................................................................................................4, 5

*Goodyear Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011)....................................................................................................4

*Graphic Controls Corp. v. Utah Medical Products Inc.*,
   149 F.3d 1382 (Fed. Cir. 1998).......................................................................................3

*Guinness World Records, Ltd. v. Doe*,
   664 F.Supp.2d 927 (N.D.Ill. 2009)..................................................................................5

*Inamed Corp. v. Kuzmak*,
   249 F.3d 1356 (Fed. Cir. 2001)...................................................................................2, 3

*Kindig It Design, Inc. v. Creative Controls, Inc.*,
  2016 WL 247574 (D. Utah Jan. 20, 2016) ................................................................. 5, 6, 7

*MegaDiamond, Inc. v. Am. Superabrasives Corp.*,
  969 P. 2d 430 (Utah 1998) ................................................................................................ 3

*Neways Inc. v. McCausland*,
  950 P.2d 420 (Utah 1997) ................................................................................................. 3

*Parah, LLC v. G'Strat LLC*,
  2014 WL 545871 (D. Utah Feb. 10, 2014) (unpublished) ................................................ 3

*Rates Technology Inc. v. Nortel Networks Corp.*,
  399 F.3d 1302 (Fed. Cir. 2005) ......................................................................................... 3

*Rusakiewicz v. Lowe*,
  556 F.3d 1095 (10th Cir. 2009) ......................................................................................... 3

*Shrader v. Biddinger*,
  633 F.3d 1235 (10th Cir. 2011) ......................................................................................... 4

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ....................................................................................... 10

*Zing Bros., LLC v. Bevstar, LLC*,
  2011 WL 4901321 (D. Utah Oct. 14, 2011) (unpublished) ............................................... 4

**Statutes**

28 U.S.C. § 1391(b) ................................................................................................................. 8

28 U.S.C. § 1400(b) ................................................................................................................. 8

28 U.S.C. § 1404(a) ......................................................................................................... *passim*

28 U.S.C. § 1406(a) ................................................................................................................. 8

**Other Authorities**

DUCivR 7-1(a)(1)(A) .............................................................................................................. 1

Federal Rule of Civil Procedure 7(b) ...................................................................................... 1

Federal Rule of Civil Procedure 12(b)(3) ........................................................................ 1, 11

Federal Rules of Civil Procedure 12(b)(2) ............................................................... 1, 2, 6, 11

# EXHIBIT INDEX

Exhibit 1    Aug. 8, 2015 Complaint (Document 2)

Exhibit 2    Feb. 4, 2015 Declaration of Michael Chen

Please take notice that pursuant to Federal Rule of Civil Procedure 7(b) and 12(b)(2) and (3), and DUCivR 7-1, Defendant Asia Focus International Group, Inc. ("Defendant") hereby moves the Court to dismiss Plaintiff Edizone, LLC's ("Plaintiff") Complaint for lack of personal jurisdiction and improper venue. Alternatively, Defendant moves the Court to change the venue of this matter to the Central District of California under 28 U.S.C. § 1404(a) on grounds that the current action was brought in an inconvenient forum. This Motion is based on the Memorandum and Exhibits attached, pleadings, records, files, and oral arguments to be made in this action.

### PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS THEREFORE

Pursuant to DUCivR 7-1(a)(1)(A), Defendant respectfully seeks dismissal of Plaintiff's Complaint, in its entirety, for lack of personal jurisdiction over Defendant. Federal Rules of Civil Procedure 12(b)(2) and (3) authorize the relief sought because Defendant has only a de minimis presence in Utah and Plaintiff has not met its burden to plead facts supporting a finding of personal jurisdiction over Defendant. Alternatively, Defendant seeks transfer of this matter to the Central District of California. 28 U.S.C. § 1404(a) authorizes this relief because California, not Utah, is the most convenient forum for this action based on the facts underlying Plaintiff's cause of action and the location of the witnesses and the relevant evidence.

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY TRANSFER VENUE

Plaintiff's Complaint is prefaced on allegations of patent infringement by products sold on Defendant's website. However, Plaintiff has not pled sufficient facts to justify personal jurisdiction in this forum. Moreover, Defendant's minimum contacts with the forum are insufficient to support a finding of jurisdiction and therefore Defendant requests dismissal. In

1

the alternative, Defendant moves to transfer the venue to the Central District of California under 28 U.S.C. § 1404(a) on grounds that the current action was brought in an inconvenient forum. Defendant is located in California, Defendant's material witnesses and documents are located in California, and the conduct on which Plaintiff basis its Complaint arose primarily in California.

## STATEMENT OF FACTS

Defendant is a small business located entirely in the State of California. (*See* Exhibit 1; Declaration of Michael Chen ("Chen Decl."), ¶ 4-5). Defendant does not employ any persons or maintain any offices in the State of Utah. (*Id.*) Defendant is in the business of selling footwear consisting of boots, casual, dress formal, sneakers, sandals, and accessories on its website, www.Tallmenshoes.com. (*Id.*, ¶ 6). Defendant also sells insoles for men and women's shoes on its website. (*Id.*).

As the basis for its substantive claim of patent infringement, Plaintiff alleges in the Complaint that Defendant has offered for sale "(1) 'Honeycomb shaped Gel Half Insole for Men'; and (2) 'Honeycomb shaped Gel Half Insole for Women' (hereafter "Honeycomb Gel Products")." (*See* Exhibit 2; Complaint ("Compl.") ¶ 6). Plaintiff alleges that the Honeycomb Gel Products' gel cushioning technology is covered by the claims of U.S. Patent No. 6,026,527 ("527 Patent"). (Compl. ¶ 9).

## ARGUMENT

1. **The Complaint Should Be Dismissed Under Rule 12(b)(2) For Lack of Personal Jurisdiction**

   A.     **Legal Standard**

In patent cases, "the law of the Federal Circuit, rather than that of the regional circuit in which the case arose," controls whether a District Court may exercise personal jurisdiction over an out-of-state defendant. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001); *see*

2

*also Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995); *Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (Fed. Cir. 2005); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). Plaintiff *bears the burden* of proving a prima facie case that this Court may exercise personal jurisdiction over Defendant. *Breckenridge Pharm. Inc. v. Metabolite Labs. Inc.*, 444 F.3d 1356, 1361--62 (Fed. Cir. 2006); accord *Neways Inc. v. McCausland*, 950 P.2d 420 (Utah 1997).

Determining whether an out-of-state defendant is subject to personal jurisdiction "involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed*, 249 F.3d at 1359. Although Federal Circuit law controls the personal jurisdiction inquiry, when determining the meaning of a state's long-arm statute, deference is given to the state and federal courts of Utah. *Graphic Controls Corp. v. Utah Medical Products Inc.*, 149 F.3d 1382, 1386 (Fed. Cir. 1998) ("We have not in the past substituted ... our interpretation of state long-arm statutes for that of the relevant state and federal courts."). Utah's long-arm statute authorizes jurisdiction under "any set of circumstances that satisfies [federal] due process." *MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P. 2d 430, 433 (Utah 1998). Accordingly, "this collapses the Utah standard into the more general 'due process' standard for jurisdiction." *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

"Under due process standards, a court may exercise personal jurisdiction over a nonresident defendant only so long as there exists minimum contacts between the defendant and the forum state." *Parah, LLC v. G'Strat LLC*, 2014 WL 545871, at *3 (D. Utah Feb. 10, 2014) (unpublished). This requirement is designed to protect defendants "from being subject to

3

personal jurisdiction in a foreign jurisdiction based on random, fortuitous or attenuated contacts." *Zing Bros., LLC v. Bevstar, LLC*, 2011 WL 4901321, at *3 (D. Utah Oct. 14, 2011) (unpublished). Plaintiff may establish minimum contacts through either general personal jurisdiction or specific personal jurisdiction. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

### B. General Personal Jurisdiction Does Not Exist

A party is subject to general personal jurisdiction only when its contacts with the forum are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quotation omitted). In a forum other than the corporation's place of incorporation or principal place of business, general personal jurisdiction will only exist in "exceptional" circumstances." *Daimer AG v. Bauman*, 134 S. Ct. 746, 753-57 (2014).

Plaintiff's complete jurisdictional allegations are as follows:

> 3. [Defendant] sells its products online to customers throughout the United States, including in the State of Utah, and it has committed patent infringement in the State of Utah as alleged herein, and for purposes of personal jurisdiction and venue is a resident of Utah.
> 4. Accordingly, this Court has personal jurisdiction over [Defendant]….

(Compl. ¶¶ 3-4.)

The foregoing allegations fall far short of establishing continuous and systematic contacts between the Defendant and the state of Utah. Quite the contrary, Defendant is a small California company that operates solely out of an office in South El Monte, California. (Chen Decl., ¶ 4). It does not employ any persons or maintain any offices in the State of Utah (*id.*, ¶ 5), it does not actively transact business or market its products in the State of Utah (*id.*, ¶ 7), and it does not aim any advertising to consumers in Utah. (*id.*, ¶ 8). Defendant does not employ any personnel,

directors, officers, representatives, or agents in Utah (*id.*, ¶ 9) and it does not have a physical location or bank account in Utah. (*Id.*, ¶¶ 10-11.)

The real world facts show that Defendant is anything but "at home" in Utah. Accordingly, general personal jurisdiction over Defendant does not exist in this case.

### C.     Specific Personal Jurisdiction Does Not Exist

Specific personal jurisdiction applies when a "suit aris[es] out of or relate[s] to the defendant's contacts with the forum." *Daimer AG v. Bauman*, 134 S. Ct. 746, 753-57 (2014) (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). However, de minimis contacts alone do not support a finding of jurisdiction. *See Connecticut Elec., Inc. v. Pacific Coast Breaker, Inc.*, 2012 WL 626269, *3 (S.D. Ind. Feb 24, 2012) (finding no specific jurisdiction despite an interactive website and 70 orders of the allegedly infringing product into the forum state that constituted $3,780.00 of sales); *Guinness World Records, Ltd. v. Doe*, 664 F.Supp.2d 927, 929 (N.D.Ill. 2009) (concluding nominal sales of an allegedly infringing product in the forum state, without more, does not justify a finding of specific personal jurisdiction).

This district applies a three-part test when determining whether a defendant is subject to specific personal jurisdiction: (1) the defendant must have purposefully established minimum contacts with the forum state, (2) the causes of action in the complaint must arise out of those contacts, and (3) assertion of personal jurisdiction is reasonable and fair. *Kindig It Design, Inc. v. Creative Controls, Inc.*, 2016 WL 247574, * 3 (D. Utah Jan. 20, 2016) (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008). Analysis of these three factors shows that Plaintiff cannot establish the minimum contacts requisite to support personal jurisdiction and therefore this case should be dismissed.

Plaintiff's first jurisdictional allegation is that Defendant "has committed patent infringement in the State of Utah…." (Compl. ¶ 3.) Only well pleaded facts may be considered

at the motion to dismiss stage of a proceeding. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012); *Caspers Ice Cream, Inc. v. Fatboy Cookie Co., Inc.,* No. 1:12-cv-133-CW, 2013 WL 2367976, at *2-5 (D. Utah May 29, 2013) (unpublished) (requiring the court to "completely ignore" allegations unsupported by specific facts); Fed. R. Civ. P. 12(b)(2). Here, Plaintiff does not say whether the patent infringement it is alleging was a sale of the alleged infringing product into Utah, a use of the alleged infringing product in Utah, an instance of manufacture of the alleged infringing product in Utah, or some other event. As such, Defendant cannot even respond to this allegation because it does not know what is being alleged. The court should disregard Plaintiff's conclusory allegation that Defendant "has committed patent infringement in the state of Utah" because it is not well pleaded and is unsupported by any allegation of a supporting fact.

Plaintiff's other allegation pertinent to Defendant's alleged contact with Utah is that Defendant "sells its products online to customers through the United States, including in the State of Utah." (Compl. ¶ 3.) This general allegation also fails to establish specific personal jurisdiction in Utah over Defendant. This court recently held that simply having an interactive website through which customers may purchase products, without more, does not support a finding of personal jurisdiction. *Kindig It Design, Inc. v. Creative Controls, Inc.*, 2016 WL 247574, *4-7 (D. Utah Jan. 20, 2016). Rather, the Plaintiff must establish that the Defendant "purposefully availed itself of the Utah forum" by showing that the Defendant "either intentionally targeted Utah users or that Utah users actually interacted with [the] website." *Kindig*, *8. Plaintiff does not allege either of these things. Plaintiff does not allege that Defendant has intentionally targeted Utah users and Plaintiff does not allege that Utah users have actually interacted with Defendant's website. Moreover, the evidence presented to the court shows just the opposite. Defendant does not systematically or otherwise target persons in Utah as potential customers for any of its products. (Chen Decl., ¶ 12.)

Defendant acknowledges that the facts in *Kindig* differ from this case because here Defendant has sold a small amount of the allegedly infringing product into the State of Utah. Specifically, Defendant has reviewed its sales records and has identified sales into Utah consisting of 37 units of the allegedly infringing product for a total of less than $300 in revenue. (*Id.*, ¶¶ 14-15). These sales account for less than one percent of Defendant's total sales. (*Id.*, ¶ 13.)

Despite these sales, Defendant requests that the court not exercise jurisdiction in this case. Rather, Defendant urges the court to follow the reasoning explained in *Connecticut Elec., Inc. v. Pacific Coast Braker, Inc.* 2012 WL 626269 (Feb. 24, 2012). In *Connecticut Elec.*, the Defendant operated an interactive website and, for purposes of the personal jurisdiction analysis, the court assumed that the defendant had sold 70 orders of the allegedly infringing product constituting $3,780.00 into the forum state. *Id.*, *3. Notwithstanding the Defendant's website and its sales, the court declined to exercise personal jurisdiction. *Id.*, *7. The court explained that basing jurisdiction on the de minimis amount of sales "would really prove too much: It would hale any asserted infringer of a claimed intellectual property right into a remote forum based upon truly de minimis contacts." *Id.*, *3. Likewise, the court reasoned that "[a] website alone, even one that is interactive, cannot create personal jurisdiction." *Id.*, *5. The court emphasized that the defendant's website was indiscriminately aimed at all customers and that there was no competent evidence suggesting that the defendant had targeted the forum with its website in any meaningful way. Id.

Similarly here, Defendant has only sold 37 units of the allegedly infringing product into the State of Utah. (Chen Decl., ¶ 14.) These sales total less than $300 in revenue and account for less than one percent of Defendant's total sales. (*Id.*, ¶¶ 15, 13.) Moreover, Plaintiff has not alleged any specific targeting of the Utah forum by Defendant and in fact the Defendant does not target Utah. (*See id.*, ¶ 12.) Even taken together, Defendant's de minimis amount of sales and

7

its website do not constitute minimum contacts and do not justify a finding of personal jurisdiction.

In sum, Defendant has no physical presence in Utah, does not purposefully direct activities into Utah, and its only sales into the forum are de minimis. These contacts are insufficient to support a finding of personal jurisdiction and therefore the Court should dismiss this case.

2. **This District is an Improper Venue for this Action**

Pursuant to 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

Here, Plaintiff has brought this action to an improper venue. Plaintiff alleges in its Complaint that venue is founded upon 28 U.S.C. § 1400(b). (Compl. ¶5). Under 28 U.S.C. § 1400(b), "a civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business." (emphasis added). Defendant resides in South El Monte, California. Even if Plaintiff is able to prove that Defendant has committed acts of infringement in Utah, venue will still be improper because Defendant *does not have a regular and established place of business* in Utah. Furthermore, since Defendant is not subject to personal jurisdiction in this court, venue in this District is improper under § 1400(b). Accordingly, the court should dismiss this action under 28 U.S.C. § 1406(a).

3. **Venue Should Be Transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a)**

In the alternative, Defendant moves for the Court to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a) on the basis that the present forum is not

convenient for the Defendant and witnesses to this matter, and the operative facts giving rise to Plaintiff's complaint arose in California.  "The statutory standards of § 1404(a) require the weighing of several factors. The criteria used to determine whether transfer is appropriate include: 1) the weight accorded the plaintiff's choice of forum; 2) the locus of operative facts; 3) the convenience of the witnesses; 4) the availability of process to compel the attendance of unwilling witnesses; 5) the convenience of the parties; 6) the location of relevant documents and the relative ease of access to sources of proof; 7) the relative means of the parties; 8) the district court's familiarity with governing law; and 9) trial efficiency and the interest of justice." *Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F. Supp. 2d 218, 219-20 (D. Conn. 2003).

### A.  Plaintiff's Choice of Forum Should Be Given Less Weight

Plaintiff initiated the present case in the District of Utah. "However, a plaintiff's choice of forum is given less weight where the case's operative facts have little connection with the chosen forum.  Although the plaintiff has chosen to litigate this action in Connecticut, the only connection this cause of action has with the state is that the plaintiff resides here. Therefore, the plaintiff's choice of forum is not controlling." *Id.* at 220 (internal quotation omitted).

Similarly here, while the Plaintiff chose to litigate this action in Utah, the only connection this cause of action has with this state is that the Plaintiff is incorporated here. Defendant is a small business located entirely in the State of California, and does not employ any persons or maintain any offices in the State of Utah. (*See* Chen Decl., ¶¶ 4-11).

### B.     Operative Facts Are in California

At the center of Plaintiff's complaint are allegations of patent infringement by Defendant. "The location of operative facts underlying a claim is a key factor in determining a motion to

transfer venue. 'The core determination under Section 1404(a) is the center of gravity of the litigation.' 'To determine the 'locus of operative facts,' a court must look to the 'site of the events from which the claim arises.'" *Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F. Supp. 2d at 220.

The site of events from which Plaintiff's claim of patent infringement arises in California, where Defendant maintains its business. (Decl. of Michael Chen, ¶ 4). Defendant maintains its website and warehouse in California. (*Id.*) All of Defendants products are shipped out of its warehouse in California. (*Id.*, ¶ 16). As such, the operative facts underlying Plaintiff's Complaint are in California.

      **C.**    **Convenience of Witnesses and Parties**

Defendant and its operations are located entirely in California, not Utah. (*See* Chen Decl., ¶¶ 4-11.) Moreover, Defendant's Vice President has never even been to Utah or solicited business from a company located in Utah. (Chen Decl., ¶ 17.) "The convenience and cost of attendance for witnesses is an important factor in the transfer calculus." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1343 (Fed. Cir. 2008). The witnesses Defendant anticipates calling are its employees. As Defendant and its witnesses are located in California, Defendant would bear a substantial burden and cost in producing its witnesses at the time of trial. As such, the convenience factors weigh heavily in favor of transferring venue to California.

      **D.**    **California is the Location of the Relevant Evidence**

The site of events from which Plaintiff's claim of patent infringement arises is California, where Defendant maintains its business. (Chen Decl., ¶ 4). Defendant ships its products from its

warehouse in California.  (*Id.*, ¶ 16).  As such, the location of the relevant evidence is in California, and weighs in favor of transferring venue to California.

## **CONCLUSION**

For all the foregoing reasons, the Court should enter an order dismissing the Complaint in its entirety under Rule 12(b)(2) and (3).  In the alternative, this action should be transferred to the Central District of California under 28 U.S.C. § 1404(a).

Date: February 4, 2016             Respectfully submitted,

.

By:   /s/ *David P. Johnson*
      David P. Johnson, Esq. (Bar No. 13260)
      WORKMAN | NYDEGGER
      60 East South Temple, Suite 100
      Salt Lake City, UT 84111
      Tel.: (801) 321-8905
      Fax: (801) 328-1707
      DJohnson@wnlaw.com

      /s/ *Tommy Songfong Wang*
      Tommy Songfong Wang, Esq. (appearing *pro hac vice*)
      California Bar No. 272409
      Yang & Wang, P.C.
      355 South Grand Ave., Suite 2450
      Tel.: (888)827-8880
      Fax: (888) 827-8880
      twang@yangwanglaw.com


      /s/ *Leontyne Fan*
      Leontyne Fan, Esq. (appearing *pro hac vice*)
      California Bar No. 285042
      Yang & Wang, P.C.
      355 South Grand Ave., Suite 2450
      Tel.: (888)827-8880

11

Fax: (888) 827-8880
lfan@yangwanglaw.com

Attorneys for Defendant
ASIA FOCUS INTERNATIONAL GROUP, INC.
dba TALLMENSHOES.COM